### ALFRED TERRY *v.* THE STATE.

1. NEW TRIAL. — Allegations in an unsworn motion for a new trial cannot suffice to show diligence.

2. SAME. — See the opinion for the requisites of newly-discovered evidence as cause for new trial. The rulings in *West* v. *The State*, 2 Texas Ct. App. 209, on this subject, quoted with approval. If merely cumulative, or if its object be to impeach a witness sworn at the trial, such evidence is not cause for new trial.

APPEAL from the District Court of Nueces. Tried below before the Hon. E. DOUGHERTY.

The application for a new trial is fully set out in the opinion of the court. Part of the newly-discovered evidence was contradictory of the proof of value adduced at the trial, and the remainder was but cumulative.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WINKLER, J.    The appellant was indicted, tried, and convicted of theft of a pistol of the value of $22.50, charged to have been committed on November 21, 1876; and his punishment was assessed at two years' confinement in the state penitentiary.

Whereupon he moved the court to grant him a new trial on the following grounds:

" 1.  Because since the trial he has discovered that he can prove by Alonzo Montgomery, a citizen of Nueces County, that the pistol which he is accused of stealing was not of the value of twenty dollars.   Since his arrest and examination in the lower court he has been confined in jail and has not had the means or opportunity to prepare for his defense; that, situated as he has been, he has done all in his power to ascertain the facts necessary for his defense, and that the above fact he did not discover until after the trial of his cause. He expects to be able to find other witnesses who will swear to the same fact.

" 2.  He has also discovered that he can prove by George Owens, a colored citizen of Nueces County, that Andrew Anderson was in charge of the pistol of Frank Rider, on the night the same was supposed to have been stolen by this defendant; that he, Anderson, gave said pistol to defendant, to take care of for him, he, the said Anderson, being too drunk to take care of the same; that said facts have been discovered since the trial of said cause, and that he was unable to discover the same before going into trial. The affidavits of said Alonzo Montgomery and Gus Owens of the facts that he expects to prove on another trial are herewith filed and made a part of this motion."

This motion is not sworn to by the accused, or by any other person.

Alonzo Montgomery makes affidavit that he was present at the trial and examination of Alfred Terry, before the examining court, who was accused of stealing a pistol, the property of Frank Rider; that said trial was had before George E. Conklin, recorder of the city of Corpus Christi; that he saw and examined the pistol that said Terry is accused of having stolen, and, from his knowledge of the price and value of such pistols, knows that said pistol can be bought at retail, when new, for the sum of $18 each; that said pistol had been used, and thereby deteriorated in value, and could not have been worth more than $16 on the day said examination was had before the examining court.

George Owens swears that Andrew Anderson (colored) informed him on the next morning after Alfred Terry had been tried, on the charge of stealing Frank Rider's pistol, by George E. Conklin, recorder of the city of Corpus Christi, that he had given the pistol to said Terry to take care of, on the night of the illumination in honor of Tilden's election, he being drunk on that night, and unable to take care of the same.

From the foregoing it will be seen that, in so far as the subject that the evidence being newly-discovered, or discovered since the trial, is concerned, and as to the diligence, or rather the absence of diligence, and accounting for the want of diligence, the motion has no support, not even the affidavit of the party himself.

The subject of granting new trials on account of newly-discovered evidence has frequently been before this court, and has been often considered.

In *West* v. *The State*, 2 Texas Ct. App. 209, the following authorities were collated on the subject, and from the opinion in that case we make the following quotation:

"Article 672 of the Code of Criminal Procedure lays

down the several grounds upon which new trials in cases of felony shall be granted, and among them is the following: '6. Where new testimony material to the defendant has been discovered since the trial.' It is also provided that a motion for a new trial, based on the ground of newly-discovered evidence, shall be governed by the same rules as those which regulate civil suits. Pasc. Dig., art. 3137. A standard author, treating of the subject, says: 'After-discovered evidence, in order to afford a proper ground for the granting of a new trial, must possess the following qualifications: It must have been discovered since the former trial. It must be such as, with reasonable diligence upon the part of the defendant, he could not have discovered at the former trial. It must be material to its object, and not merely cumulative and corroborative or collateral. It must be such as might produce, on another trial, an opposite result on the merits. It must go to the merits, and not merely on a technical defense.' Whart. Cr. Law, sec. 3161. Another standard author lays down the same rules substantially as follows: 'It is incumbent on a party who asks a new trial, on the ground of newly-discovered evidence, to satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to a want of diligence that it did not come sooner; (3) that it would probably produce a different verdict if a new trial was granted; (4) that it is material to the issue, going to the merits, and not impeaching a former witness.' 1 Archb. Cr. Pl. & Pr.; Waterman, 6th ed., 178–26. Decisions of the courts of Texas are believed to be in harmony with these rules."

This court has also held, in *Hauck* v. *The State*, 1 Texas Ct. App. 357, that a new trial will not be granted on alleged newly-discovered evidence which only goes to impeach a witness who had testified on the trial.

In *Henderson* v. *The State*, 1 Texas Ct. App. 432, it was

held that a new trial would not be granted on newly-discovered evidence which was merely cumulative of the evidence adduced on the trial. And see, also, the following cases, in all of which the rulings were in accord with the rules above quoted from Wharton and Archbold, and to which might be added a large number of decisions by our courts in civil causes: *Harman* v. *The State*, *ante*, p. 51; *Cotton* v. *The State*, 4 Texas, 260; *Watts* v. *Johnson*, 4 Texas, 311.

Placing the motion for a new trial in this case in juxtaposition with the rules of law regulating the granting of new trials on the ground of newly-discovered evidence, nothing further will be required to show that the grounds here set out in the motion were clearly insufficient to warrant the granting of the motion, or to see that the court below did not err in overruling it.

We find in the record no other legal proposition requiring special consideration. The indictment is believed to be sufficient to support the verdict and judgment; no exception to its sufficiency has been suggested, and none is perceived. The charge of the court was a fair presentation of the law of the case as made by the evidence as set out in the transcript. There was sufficient evidence to support the verdict. There is nothing in the record which would justify this court in disturbing the judgment, and it is affirmed.

*Affirmed.*